IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

WALTER PAGE NOE,

    Plaintiff,

v.                                    Civil Action No. 3:05CV56
                                    (BROADWATER)

LISA BENTLEY, and
JOAN JOHNSTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

On this day the above styled matter came before the court for consideration of defendants Lisa Bentley and Joan Johnston's motion to dismiss. For the reasons set forth below, the motion is GRANTED IN PART.

### I. Factual and Procedural Background

Walter Page Noe filed the instant suit in the Northern District of West Virginia on June 13, 2005, against defendants Lisa Bentley and Joan Johnston, asserting six claims arising out of Mr. Noe's dismissal by his former employer and a related land dispute. The claims discernable from the pleadings are Tortious Interference with a Contract, Tortious Interference with a Business Relationship, Fraud, Intentional Infliction of Emotional Distress, Defamation, and Trespass. Plaintiff additionally filed for Leave to Proceed in forma pauperis on June 13, 2005. On July 15, 2005, defendants Lisa Bentley and Joan Johnston filed a motion to dismiss the claims asserted against them. To date no answer to the Motion to Dismiss has been filed by the plaintiff.

### II. Applicable Law

"A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990)). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1314 (4th Cir. 1995). However, the pleadings of a pro se plaintiff are to be construed liberally. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (per curiam)).

III. Discussion

The issue presented is whether plaintiff's complaint adequately states a claim for relief against Lisa Bentley and Joan Johnston in its various allegations. The precise legal issues presented vary as to each cause of action and will therefore be addressed individually.

    1.    Interference with a Contract

In this count the issue is whether, under the facts alleged in the pleading, the plaintiff adequately states a claim of tortious interference with a contract. Defendants argue that plaintiff does not establish a *prima facie* case of tortious interference because Noe's pleadings do not establish the existence of a contractual or business relationship or expectancy. Defendants argue that, although the plaintiff claims he entered into a land sale contract with American Acreage LLC, the pleadings are insufficient because Noe does not allege or produce a written contract, as required by the West Virginia Statute of Frauds *W. Va. Code § 36--1--3 (2005).* (Motion to Dismiss at 3).

The court need not determine whether the West Virginia Supreme Court of Appeal's decision in Gibson v. Stalnaker, indicates that a parole real estate contract is actionable under West Virginia tort law, because the pleadings overcome the Statute of Frauds. Gibson v. Stalnaker, 87 W. Va. 710, 716 (W. Va. 1921). The plaintiff pleads facts that, when viewed in the light most favorable to the plaintiff, indicate possession of and improvement to the land in dispute (Complaint at 12, 23, 29, and 36). Under Blair v. Dickinson, oral real estate contracts are enforceable when an agreement is proved, accompanied by possession and valuable improvements to the property. Blair v. Dickinson, 133 W. Va. 38, 73, 54 S.E. 2d 828, 846, cert. denied, 338 U.S. 904, 70 S. Ct. 306, 94 L. Ed. 556 (1949). In this case Walter Noe asserts in the pleadings that there was a contract to purchase land (Complaint at 42), plaintiff had possession of the land (Complaint at 4) and that plaintiff developed the land in preparation for building (Complaint at 36). The pleadings therefore overcome the Statute of Frauds sufficiently for the claim to go forward.

2. Tortious Interference with a Business Relationship

In this count, the defense argues that the claim for interference with a business relationship is barred by a two year statute of limitations under West Virginia law. As defendants emphasize,

the last act of interference alleged by the plaintiff occurred in May 2003.

Under W. Va. Code § 55-2-12 the tort of Interference with a Business Relationship is a property damage action bound by a two (2) year statute of limitations. W. Va. Code § 55-2-12(a). The period of the statute of limitations runs from the date of injury, as no right of action arises until the injury is sustained. Howard v. United Fuel Gas Co., 248 F. Supp. 527, 529 (D. W. Va. 1965).

In this case plaintiff alleges tortious interference with the contract of employment between himself and America Acreage LLC. (Complaint at 42). The defendant describes alleged offensive events adequate to provide notice to the defendants. Furthermore, the plaintiff alleges that he was discharged on June 13, 2003. (Complaint at 37). Although the offensive acts of the defendants may have occurred prior to June 13, 2003, there were no damages and therefore no right of action until the plaintiff was discharged by his former employer. Therefore, the statute of limitations should run from the date of Noe's discharge from AALLC, on June 13, 2003. As the complaint was filed on June 13, 2005, the two year statute of limitations is met.

### 3. Intentional Infliction of Emotional distress

The defendants argue that due to a two year statute of limitations, plaintiff's claims to recover for intentional infliction of emotional distress are barred.

W. Va. Code 55-2-12 sets a two year statute of limitations for personal injury claims, including intentional infliction of emotional distress. Under a cause of action for Intentional Infliction of Emotional distress, injury occurs on the date of the offensive act. Mr. Noe alleges that all of the defendants' offensive acts occurred prior to his discharge from employment on June 13, 2001. Since this action was filed on June 13, 2003, plaintiff's claims for damages due to intentional infliction of emotional distress are barred by the two year statute of limitations. With regard to all such claims, the motion to dismiss is granted.

4. Defamation

Defendants move for summary judgment on plaintiff's defamation claims on statute of limitations grounds. The one year statue of limitations runs from the date of offensive acts or the date those acts become known to the plaintiff.[1] In the pleadings, defendant cites the time line of defendants' alleged acts and his knowledge of the ongoing dispute. All offensive acts cited by the plaintiff occurred or were discovered by him while he was employed by AALLC. Since the instant suit was filed two years after the plaintiff's discharge by his former employer, his defamation claims are barred by the applicable one year statute of limitations.

5. Trespass

Plaintiff pleads facts inconsistent with any action for trespass. In the second count, plaintiff raises claims for interference with a business relationship, asserting that he was never able to close on the purchase of lot 84 of the Crescent Orchards Subdivision. A contract to purchase the land could have existed, and, for the purposes of the pleadings, can be established by Noe's alleged possession of and improvement to lot 84. The completed transaction and ownership required to bring a trespass action was never alleged in the pleadings. As the defendants indicate in their motion, West Virginia law requires ownership of the land in question as a fundamental element of any trespass action. The pleadings in this case never alleged the completed transaction and ownership required to establish a trespass action.

6. Fraud

I response to plaintiff's allegations that defendants made "fraudulent and incendiary representations," defendants argue that the complaint does not make allegations sufficient to

---

[1] W. VA. Code 55-2-12(c).

establish a *prima facie* case of fraud. The defendants cite West Virginia law setting the required elements to establish a *prima facie* case of fraud:

(1) that the act claimed to be fraudulent was the act of the defendant or induced by him;

(2) that it was material and false;

(3) that the plaintiff relied upon it and was justified under t he circumstances in relying upon it; and

(4) that he was damaged because he relied upon it.

Bowling v. Ansted Chrystler-Plymuth-Dodge, 425 S.E. 2d 144, 148 (W.Va. 1992).

Under this standard, the plaintiff fails to adequately establish any fraud claim in this action.

### III. Conclusion

At the motion to dismiss stage of the case, the court must assume all of the plaintiff's allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. Edwards, 178 F.3d at 243-44. After reviewing the complaint, and the allegations contained therein, the court concludes that the plaintiff has adequately stated a claim for relief against Lisa Bentley and Joan Johnston for Interference with a Contract and Tortious Interference with a Business relationship under the applicable law. No statement of actionable claims was made with respect to Intentional Infliction of Emotional Distress, Defamation, Trespass or Fraud.

### IV. Decision

It is therefore **ORDERED** that defendants Lisa Bentley and Joan Johnston's Motion to Dismiss (Docket No. 3) is hereby **GRANTED IN PART**. Claims in this action with respect to

Intentional Infliction of Emotional Distress, Defamation, Trespass, and Fraud are **DISMISSED** for plaintiff's failure to state a claim upon which relief may be granted. The defendants' Motion to Dismiss is **DENIED** with respect to claims of Interference with a Contract and Tortious Interference with a Business Relationship.

The Clerk is directed to transmit true copies of this order to all counsel of record herein and the pro se petitioner.

It is so **ORDERED**.

**DATED** this **31st** day of January 2006.

_W. Craig Broadwater_
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE